```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
        -v-                                                       :
                                                                  :         23-cr-576 (LJL)
MIGUEL DIAZ,                                                      :
                                                                  :         MEMORANDUM AND
                                Defendant.                        :              ORDER
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/19/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Miguel Diaz ("Defendant") moves for compassionate release, Dkt. No. 35, and for reconsideration of the Court's decision denying him bail pending trial, Dkt. No. 28 at 14. The motions are denied.

Defendant is charged in an indictment (the "Indictment") with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 6. The Indictment arises out of an incident on October 4, 2023, in which he is alleged to have approached his victim from behind and shot him in the arm. Dkt. No. 1 ¶ 4. Defendant was previously convicted in New York State Supreme Court, Bronx County, of Reckless Endangerment in the First Degree in violation of New York Penal Law § 120.25, a felony for which he was sentenced to a term of forty-two months to seven years imprisonment. *Id.* ¶ 3a.

Defendant was presented on October 24, 2023, and ordered detained pending trial upon findings of Magistrate Judge Katherine H. Parker by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of another person and the community under 18 U.S.C. § 3142(e)(1). Dkt. No. 5. Judge Parker based that determination on findings made on the record, including the weight of the evidence against

Defendant, his lengthy prior criminal history, and his history of violence and use of weapons. *Id.*

On or about February 12, 2024, Defendant filed a motion for bail. Dkt. No. 25. The Court heard Defendant on that motion on February 12, 2024, and denied the bail application after finding that there were no conditions or combination of conditions that would ensure the safety of the community or Defendant's appearance at trial. *See* Minute Entry of Feb. 12, 2024.

In his motion for reconsideration, Diaz argues the strength of the evidence against him and avers that he was not sent to prison for a violent crime. Dkt. No. 28 at 14–15. In his motion for compassionate release, Defendant complains about the inhumane conditions at the Metropolitan Detention Center ("MDC"), including the frequency of lockdowns. Dkt. No. 35.

The Court has authority to reconsider its decision and that of Judge Parker ordering Defendant to be detained pending trial. *See United States v. Dzhamgarova*, 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021). In order to be entitled to reconsideration, Defendant must point to "controlling decisions or data" that the court overlooked, or an "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal citations and quotations omitted). "[C]ourts in this district have found that judicial authorization to amend a release order under [Title 28, United States Code,] section 3142(c) arises where there is a changed situation or new information that warrants altered release conditions." *United States v. Bankman-Fried*, 2023 WL 1490417, at *2 (S.D.N.Y. Feb. 1, 2023). Defendant has not identified any facts or law that the Court did not already consider in its decision ordering him detained, or has he identified a clear error or some manifest injustice. Defendant stands accused of committing a serious crime only months after having been released from prison, where he was serving a five-year term for Reckless Endangerment, and he has a lengthy criminal history that includes crimes of violence. The Court has considered the factors

under 18 U.S.C. § 3142(g).  Bail was properly denied.

Defendant also is not entitled to compassionate release.  Section 3582(c)(1) gives the court the authority to reduce a term of imprisonment under specified conditions.  18 U.S.C. § 3582(c)(1).  Defendant is awaiting trial and is not serving a term of imprisonment.  He is not eligible for consideration for compassionate release.

Defendant's motion is best understood to be made under Section 3142(i) of Title 18 which permits a judicial officer, "by subsequent order," to order the release of a person if "necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  "In considering whether there is a 'compelling reason' for a defendant's release under this provision, a court must 'balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention. In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case.'" *United States v. Chambers*, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (quoting *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. Mar. 27, 2020)).  Defendant has elected to proceed *pro se*.  That election may create certain complications in terms of his preparation for trial that would not exist were he represented by counsel.  But the Court will hear Defendant, his standby counsel, and the Government regarding any measures that may be necessary to ensure Defendant's access to discovery material and that he can adequately prepare for trial.  Defendant's choice to proceed pro se does not give him an entitlement to release where, as here, the facts demonstrate that such release would clearly pose a risk to others and to the community.

Defendant's motions for compassionate release and for reconsideration of the Court's decision denying him bail pending trial are DENIED.

SO ORDERED.

Dated: March 19, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge