```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
              -v-                                                    :
                                                                     :     23-cr-576 (LJL)
MIGUEL DIAZ,                                                         :
                                                                     :     MEMORANDUM AND
                                      Defendant.                     :         ORDER
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/20/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Miguel Diaz ("Defendant"), proceeding *pro se*, moves for reconsideration of the Court's orders denying his motion to dismiss the Indictment against him or, in the alternative, to suppress evidence obtained pursuant to warrants authorizing searches of his cellphones and apartment on the grounds that the warrants contained material misrepresentations. Dkt. Nos. 57, 58. The motion is denied.

Under the *Franks* doctrine, "a defendant may contest a warrant by challenging the veracity of the supporting affidavit." *United States v. Powell*, 634 F. Supp. 3d 48, 52 (E.D.N.Y. 2022) (citing *Franks v. Delaware*, 438 U.S. 154 (1978)). "To be entitled to a *Franks* hearing, a defendant must make 'a substantial preliminary showing' of (1) falsity, 'that a false statement . . . was included by the affiant in the warrant affidavit,' (2) knowledge, that the affiant made the allegedly false statement 'knowingly and intentionally, or with reckless disregard for the truth,' and (3) materiality, that 'the allegedly false statement is necessary to the finding of probable cause.'" *United States v. Sandalo*, 70 F.4th 77, 85 (2d Cir. 2023) (quoting *Franks*, 438 U.S. at 155–56). The defendant's burden in making the substantial preliminary showing is "a heavy one that requires more than a mere conclusory showing." *Id.* at 86. A defendant who meets that

burden is entitled to a hearing at which he "must establish falsity, knowledge, and materiality" by a preponderance of the evidence. *Id.* at 85. If he prevails at the *Franks* hearing, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156.

Defendant is not entitled to a *Franks* hearing or to suppression of the evidence obtained pursuant to the warrants because he has not identified any statements "that were false or misleading." *United States v. Montague*, 2017 WL 3483665, at *4 (W.D.N.Y. Aug. 15, 2017). The Government obtained two warrants for cellsite location information (the "Cellsite Warrants") related to a cellphone assigned call number 516-298-7862 (the "7862 Phone"), pursuant to affidavits sworn on October 20, 2023 and October 23, 2023. Dkt. Nos. 73-1, 73-2. It also obtained warrants to search Defendant's apartment (the "Premises Warrant") and cellphones. Dkt. No. 73-3; Dkt. No. 73-4. Each of the warrants was supported by affidavits signed by FBI Special Agent Sarah Van Fossen. The affidavits in support of the Cellsite Warrants provided probable cause that Defendant committed the crime of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and (2), Dkt. No. 73-1 ¶¶ 7–22, Dkt. No. 73-2 ¶¶ 7–22, as well as that Defendant used the 7862 Phone and possessed the phone during the shootings discussed in the affidavits, Dkt. No. 73-1 ¶¶ 23–27; Dkt. No. 73-2 ¶¶ 23–27. The information corroborates evidence that the Defendant was the individual who committed the shooting that is the subject of the charge against Defendant. The affidavits also stated that based on the agent's "review of a law enforcement database," she believed the 7862 Phone was serviced by T-Mobile US, Inc. ("T-Mobile"). Dkt. No. 73-1 ¶ 24; Dkt. No. 73-2 ¶ 24. It described T-Mobile as the "suspected provider" and noted that subpoenas were outstanding to T-Mobile. Dkt. No. 73-1 ¶ 24 n.3; Dkt. No. 73-2 ¶ 24 n.3. An affidavit in support of the Premises

Warrant described the probable cause to believe that Defendant committed a violation of Sections 922(g)(1) and (2), Dkt. No. 73-3 ¶¶ 9–23, and to search Defendant's person, the 7862 Phone and Defendant's premises, *id.* ¶¶ 24–46.  Among other things, the affidavit stated that the agent had reviewed data provided by T-Mobile in response to the Cellsite Warrants which indicated that the 7862 Phone "was present in the vicinity of the shooting at the approximate time of the shooting." *Id.* ¶ 40(a).  It further stated that "[d]ata from T-Mobile" indicated that the 7862 Phone was a "TracFone" with no reported subscriber information, and that Diaz continued to use the 7862 Phone.  *Id.* ¶¶ 40(b), (c).  It described the phone as having been assigned "T-Mobile number 516-298-7862." *Id.* ¶ 41.[1]

The motion for reconsideration is predicated upon a recording made by Defendant of a conversation he recently had with an unidentified customer service representative of T-Mobile in which the representative told Defendant that T-Mobile was not servicing the 7862 Phone and had no information with respect to it.  Dkt. No. 57 Ex. C; Dkt. No. 58 at 2.

There is no evidence of a misrepresentation, much less one made knowingly and intentionally, contained within the warrants.  The agent obtained the information from T-Mobile that she stated that she obtained from T-Mobile.  The 7862 Phone was a TracFone and there was reason to believe T-Mobile was the "suspected" provider.  TracFone is a branded "wholesale partner" of T-Mobile and, while T-Mobile would not have subscriber information for the account, it possesses location information for phone numbers branded by wholesale partners because such partner data travels over T-Mobile's network even if the customer-facing branding and customer-service functions are provided by TracFone.  Dkt. No. 73 at 5.  The agent did not

---

[1] Defendant was in possession of a phone that used a number ending in 7862 when he was arrested.  Dkt. No. 73 at 6.

state that T-Mobile was the actual service provider. Moreover, as the Government correctly points out, the probable cause that supported the warrants did not turn on the identity of the service provider. *Id.* at 6.

The Court has signed subpoenas for Defendant directed to T-Mobile so that he can attempt to challenge at trial the evidence connecting him to the 7862 Phone and the connection of that phone to the crime charged in the Indictment. He has offered no basis to dismiss the Indictment.

## CONCLUSION

Defendant's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 57, 58.

SO ORDERED.

Dated: May 20, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge