```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
        -v-                                                      :
                                                                 :       23-cr-576 (LJL)
MIGUEL DIAZ,                                                     :
                                                                 :       MEMORANDUM AND
                                Defendant.                       :          ORDER
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

At a status conference before the Court on June 10, 2024, the Court denied the renewed application of Defendant Miguel Diaz for bail. June 10, 2024 Minute Entry. This order sets forth the Court's reasoning.

Mr. Diaz was arrested On October 24, 2023. After a bail hearing on that date, Magistrate Judge Katherine H. Parker denied Mr. Diaz's application for bail and ordered him detained on application of the Government after finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of another person and the community. Dkt. No. 5 at ECF p. 2. The Court checked boxes indicating that the reasons for Mr. Diaz's detention included the strength of the weight of the evidence against him, his prior criminal history, his history of violence and use of weapons, and his prior violations of probation, parole, or supervised release. *Id.* at 2–3. The Court wrote:

> As set forth on the record, defendant has a long history of convictions, including many involving violence. The recent alleged conduct, for which there is strong evidence, occurred within several months of being released from state custody for a conviction involving violence. Defendant also has a history of non-compliance with conditions set, causing the court to rule out lesser conditions such as home detention and electronic monitoring.

*Id.* at 5.

Mr. Diaz did not appeal that ruling. He was indicted on November 6, 2023, on a single count of possession of ammunition after a felony conviction in violation of Title 18, United States Code, Section 922(g)(1). Dkt. No. 6.

On February 12, 2024, Mr. Diaz, then proceeding *pro se*, made an application for bail. Dkt. No. 25. He asserted that he was entitled to bail because he had not had a warrant in over ten years, the case involved only one shell casing that had no connection to him, he has four children, and was willing to submit to any condition of bail including home detention. *Id.* The Court heard argument on that application the same day. Dkt. No. 51 at 41–42. Mr. Diaz reiterated the arguments in his written motion, and added information about his medical condition. *Id.* The Government argued for detention based on risk of flight and danger to the community. *Id.* at 42–46. The Government pointed out that Mr. Diaz has an extensive criminal history, including eight prior convictions of which seven were for felony offenses; that in 2018 he was convicted of reckless endangerment in the first degree and sentenced to forty-two months to seven years' imprisonment for conduct that involved he and his co-conspirator firing through a closed door into a home in which the mother of his child was located; that he allegedly committed the instant offense within months of being released from prison on that offense on June 1, 2023; that three of his prior convictions involved domestic incident reports; and that the conduct underlying the charge on which Mr. Diaz currently is being held involved a shooting of his victim at nearly point-blank range. *Id.* The day before Mr. Diaz's presentment he was seen brandishing a weapon in the neighborhood of the October shooting. Finally, the Government pointed out that Mr. Diaz has previously had eleven instances of nonappearance in state cases and the evidence of Mr. Diaz's guilt in this case is strong. *Id.* If convicted, Mr. Diaz is facing a Guidelines range of 188 to 235 months' imprisonment. *Id.* at 46. Finally, Mr. Diaz has used

multiple aliases in his past interactions with law enforcement. *Id.* at 46.

The Court ruled that there were not conditions or combination of conditions that could reasonably assure the presence of the defendant at trial and the safety of the community given defendant's extensive criminal history which included violent offenses and given his history of non-appearance and the strength of the evidence. *Id.* at 48.

Mr. Diaz asked the Court to reconsider its bail decision by application filed on March 15, 2024 Dkt. No. 33. The Court denied that application by memorandum and order on March 19, 2024. Dkt. No. 36. The Court stated:

> "[C]ourts in this district have found judicial authorization to amend a release order under [Title 28, United States Code,] section 3142(c) arises where there is a changed situation or new information that warrants altered release conditions." *United States v. Bankman-Fried*, 2023 WL 1490417, at *2 (S.D.N.Y. Feb. 1, 2023). Defendant has not identified any facts or law that the Court did not already consider in its decision ordering him detained, [n]or has he identified a clear error or some manifest injustice. Defendant stands accused of committing a serious crime only months after having been released from prison, where he was serving a five-year term for Reckless Endangerment, and he has a lengthy criminal history that includes crimes of violence. The Court has considered the factors under 18 U.S.C. § 3142(g). Bail was properly denied.

*Id.* at 2–3.

Mr. Diaz applied for bail again on May 30, 2024, stating that he had not any police contact besides the contact leading to the current prosecution in seven years. Dkt. No. 86. The Court denied the application from the bench on June 10, 2024. June 10, 2024 Minute Entry. Mr. Diaz has not identified any information "that was not known to the movant at the time of the [initial bail or any subsequent bail] hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Mr. Diaz may not have had police contact in the years immediately before his alleged commission of the instant offense, but in those years he was incarcerated as a result of his

3

involvement in a dangerous shooting. All of the reasons that previously supported my bail decision and that of Magistrate Judge Parker still require that Mr. Diaz continue to be detained.

## CONCLUSION

Defendant's application for bail is DENIED.

SO ORDERED.

Dated: June 24, 2024
       New York, New York
                                              _____
                                              LEWIS J. LIMAN
                                              United States District Judge

4