```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
          -v-                                                     :
                                                                  :        23-cr-576 (LJL)
MIGUEL DIAZ,                                                      :
                                                                  :        MEMORANDUM AND
                                        Defendant.                :        ORDER
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Miguel Diaz moves for reduction of his sentence. Dkt. No. 131. He invokes the First Step Act. *Id.* The motion is denied.

      On April 1, 2025, the Court sentenced Mr. Diaz to a term of imprisonment of 112 months. On April 11, 2025, the Court entered judgment. Dkt. No. 129. The sentence was significantly less than the 180-month term of imprisonment recommended by Probation, Dkt. No. 120 at 35, and requested by the Government, Dkt. No. 215. It was greater than the sentence requested by the defense. Dkt. No. 124.

      The Court calculated a Guidelines range for Mr. Diaz of 84 to 105 months. The applicable Guideline for Mr. Diaz's offense of conviction was U.S.S.G. § 2K2.1, which directed the Court to use the Guideline for the substantive offense in connection with which Mr. Diaz used or possessed a firearm if it yielded a greater resulting offense level. U.S.S.G. §§ 2K2.1(c)(1)(A); 2X1.1. The Court rejected the Government's argument that the substantive offense was attempted murder (under U.S.S.G. § 2A2.1), instead agreeing with the defense that the substantive offense was aggravated assault under U.S.S.G. § 2A2.2, but the Court then concluded (over the defense's objection) that Mr. Diaz's shooting of his victim caused serious

bodily injury, leading the Court to the offense level of 23 (after a three-level reduction for acceptance of responsibility) and the Guidelines range of 84–105 months. The Court then looked to the Section 3553(a) factors. Based on the seriousness of Mr. Diaz's offense, his lengthy criminal record, his recidivism, the danger he continued to pose to the community as demonstrated in part by his continued misconduct at the MDC, the Court concluded that a sentence of 112 months was the lowest sentence of imprisonment the Court could impose to satisfy the purposes of sentencing. Mr. Diaz argues that the Court erred in its Sentencing Guidelines calculation. Dkt. No. 131. But the Court would have imposed the same sentence had it not concluded that Mr. Diaz inflicted serious bodily injury on his victim. The sentence was based on the seriousness of Mr. Diaz's conduct, the interests of specific deterrence and general deterrence, and the need for incapacitation, and was not based on the technical question of whether a gunshot to the arm for which the victim chose not to continue to receive care in a hospital was a "serious" bodily injury or just a bodily injury. Mr. Diaz approached his victim from behind in broad daylight and shot him at close range in a manner that could have caused death; his conduct was unprovoked and showed a complete disregard for the law; he has twenty-nine known convictions; and he has been unable or unwilling to conform his conduct to that required by the law.

      It is not clear what provision of any rule or statute Mr. Diaz intends to invoke in his *pro se* motion. He is not entitled to relief under Federal Rule of Criminal Procedure 35 because that rule is directed to "arithmetical, technical, or other clear error" and he does not identify any such error. *United States v. Rakhmatov*, 53 F.4th 258, 260–62 (2d Cir. 2022); *see United States v. Abreu-Cabrera*, 64 F.3d 67, 71 (2d Cir. 1995). He is not entitled to relief under Section 3582(c)(1)(a) because that provision, among other things, requires there to be an

extraordinary and compelling reason warranting a reduction and the Court to consider the factors set forth in Section 3553(a).  *See United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022) (per curiam); *United States v. Brooker*, 976 F.3d 228, 231 (2d Cir. 2020).  Mr. Diaz does not identify any extraordinary and compelling reason warranting a reduction, and a sentence reduction would not be consistent with Section 3553(a).  He is not entitled to a sentence reduction under Section 3582(c)(2) because that provision applies only when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); *see United States v. Main*, 579 F.3d 200, 204 (2d Cir. 2009).

With his motion, Mr. Diaz includes certificates of completion earned at the Metropolitan Detention Center.  It is not outside the realm of possibility that, at some point in the future, Mr. Diaz will be able to identify an extraordinary and compelling circumstance and that there may come a time before the expiration of his 112-month term of incarceration when he will qualify for a sentence reduction.  It may depend, in part, on whether he takes advantage of the programming and treatment that will be available to him while incarcerated.  In addition, the Court notes that Mr. Diaz's participation in such programs may earn him credits from the Bureau of Prisons and should help him reintegrate into society when he is released.

The motion is denied.  The Clerk of Court is respectfully requested to close Dkt. No. 131.

SO ORDERED.

Dated: April 15, 2025
      New York, New York

                                           LEWIS J. LIMAN
                                       United States District Judge