```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
        -v-                                                      :
                                                                 :       23-cr-576 (LJL)
MIGUEL DIAZ,                                                     :
                                                                 :       MEMORANDUM AND
                                    Defendant.                   :            ORDER
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/18/2025

LEWIS J. LIMAN, United States District Judge:

Defendant Miguel Diaz moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. Dkt. No. 133. The motion is denied.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code provides that a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of [a defendant's] imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

A district court may grant a compassionate release motion "only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the [18 U.S.C.] § 3553(a) [sentencing] factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021); *see United States v. Sanchez*, 2024 WL 4647668, at *1 (2d Cir. Nov. 1, 2024). "[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v.*

*Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam).  Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  "In evaluating compassionate-release motions, 'courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'"  *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order), and citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021) (summary order)).  "A compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision."  *Roney*, 833 F. App'x at 854 (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)).

Mr. Diaz previously filed a document entitled "First Step Act Motion for Sentence Reduction."  Dkt. No. 131.  The Court filed a memorandum and order dated April 15, 2025, in which the Court stated in part that it construed Mr. Diaz's motion as one for compassionate release.  The Court denied the motion because, among other reasons, it concluded that a sentence reduction would not be consistent with Section 3553(a).  *Id.* at 3.  Mr. Diaz's new motion is denied for the reasons stated in the Court's April 15, 2025 Memorandum and Order.  The Court sentenced Mr. Diaz on April 1, 2025, and did so after careful consideration of all of the relevant facts, including those set forth in Mr. Diaz's motion for compassionate release.  Given the gravity of Mr. Diaz's crime, his lengthy criminal record, his inability or unwillingness to conform his conduct to that required by society and by the institutions in which he has been incarcerated, the interests in general deterrence, and the needs to protect society, the 112 month

was the lowest sentence the Court could impose that was consistent with the statutory purposes of sentencing. Mr. Diaz has identified no facts that would change that conclusion.

The Clerk of Court is directed to close the motion at Dkt. No. 133 and to mail a copy of this Order to Mr. Diaz at his last known address.

SO ORDERED.

Dated: April 18, 2025
      New York, New York

                                              LEWIS J. LIMAN
                                        United States District Judge